**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GREE, INC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUPERCELL OY,<br><br>　　　　　　Defendant. | The Honorable Rodney Gilstrap<br><br>Civil Action No. 2:19-cv-00413-JRG<br><br>JURY TRIAL DEMANDED<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT SUPERCELL OY'S REPLY IN**
**SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

I.  THE '177 AND '362 PATENTS ARE INVALID UNDER 35 U.S.C. § 101 ..................... 1

   A.  The '177 and '362 Patent Claims Are Directed to the Abstract Idea of Organizing a Game with Different Rules for Different Phases of the Game ..................... 1

   B.  The '177 and '362 Patent Claims Recite No Improvement in the Capabilities of Computing Devices ..................... 2

   C.  The Claims Recite No Inventive Concept ..................... 6

II. THE ADDITIONAL ELEMENTS RECITED IN THE DEPENDANT CLAIMS FAIL TO PROVIDE AN INVENTIVE CONCEPT ..................... 8

III. CLAIM CONSTRUCTION IS UNNECESSARY TO RESOLVE INELIGIBILITY ..................... 9

IV. THERE IS NO FACTUAL DISPUTE, AND AMENDMENT WOULD BE FUTILE ..................... 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
 882 F.3d 1121 (Fed. Cir. 2018) ................................................................................................10

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
 573 U.S. 208 (2014) ...........................................................................................1, 2, 6, 7

*Ancora Techs., Inc. v. HTC America, Inc.*,
 908 F. 3d 1343 (Fed. Cir. 2018) ................................................................................................5

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................10

*Autumn Cloud LLC v. TripAdvisor, Inc.*,
 No. 2:16-CV-853-JRG-RSP, 2017 WL 1856232 (E.D. Tex. Apr. 3, 2017) ..............................9

*Berkheimer v. HP Inc.*,
 881 F.3d 1360 (Fed. Cir. 2018) ................................................................................................10

*Chamberlain Group, Inc. v. Techtronic Indus. Co.*,
 935 F.3d 1341 (Fed. Cir. 2019) ................................................................................................7

*ChargePoint, Inc. v. SemaConnect, Inc.*,
 920 F.3d 759 (Fed. Cir. 2019) ................................................................................................3

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
 880 F.3d 1356 (Fed. Cir. 2018) ................................................................................................2, 6

*DDR Holdings, LLC v. Hotels.com, L.P.*,
 773 F.3d 1245 (Fed. Cir. 2014) ................................................................................................6

*Elec. Power Grp., LLC v. Alstom S.A.*,
 830 F.3d 1350 (Fed. Cir. 2016) ................................................................................................2

*Enfish, LLC v. Microsoft Corp.*,
 822 F.3d 1327 (Fed. Cir. 2016) ................................................................................................2, 5

*Ericsson Inc. v. TCL Commc'ns Tech.*,
 Case 18-2003, 2020 WL 1856498 (Fed. Cir. Apr. 14, 2020) ....................................................2

*Glasswall Solutions v. Clearswift Ltd.*,
 No. 2018-1407, 754 F. App'x 996 (Fed. Cir. 2018) ................................................................10

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

*In re Marco Guldenaar Holding B.V.*,
   911 F.3d 1157 (Fed. Cir. 2018) ................................................................................................ 4

*In re Smith*,
   815 F.3d 816 (Fed. Cir. 2016) ............................................................................................. 4, 8

*In re TLI Commc'ns LLC Patent Litig.*,
   823 F.3d 607 (Fed. Cir. 2016) ................................................................................................ 4

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
   850 F.3d 1332 (Fed. Cir. 2017) .............................................................................................. 5

*Internet Patents Corp. v. Active Network, Inc.*,
   790 F.3d 1343 (Fed. Cir. 2015) .............................................................................................. 4

*Interval Licensing LLC v. AOL, Inc.*,
   896 F.3d 1335 (Fed. Cir. 2018) ......................................................................................... 4, 8

*Network Architecture Innovations, LLC v. CC Network Inc.*,
   No. 2:16-cv-00914-JRG, 2017 WL 1398276 (E.D. Tex. Apr. 18, 2017) ................................ 9

*Novo Nordisk A/S v. Caraco Pharm. Labs.*, Ltd.,
   719 F.3d 1346 (Fed. Cir. 2013) .............................................................................................. 6

*Planet Bingo, LLC v. VKGS LLC*,
   576 F. App'x 1005 (Fed. Cir. 2014) .................................................................................. 4, 5

*Rutledge v. United States*,
   161 F.3d 7 (5th Cir. 1998) .................................................................................................... 10

*S. Christian Leadership Conference v. Supreme Ct.*,
   252 F.3d 781 (5th Cir. 2001) ................................................................................................ 10

*SAP America, Inc. v. Investpic, LLC*,
   898 F.3d 1161 (Fed. Cir. 2018) .............................................................................................. 7

*Synopsis, Inc. v. Mentor Graphics Corp.*,
   839 F.3d 1138 (Fed. Cir. 2016) .......................................................................................... 1, 7

*Uniloc USA, Inc. v. ADP, LLC*,
   772 F. App'x 890 (Fed. Cir. 2019) ......................................................................................... 6

**STATUTES AND RULES**

35 U.S.C. § 101 ................................................................................................................ 1, 4, 5, 9

I.  **THE '177 AND '362 PATENTS ARE INVALID UNDER 35 U.S.C. § 101.**

United States Patent Nos. 10,518,177 (the "'177 patent") and 10,583,362 (the "'362 patent") are directed to organizing a game with different rules for different phases of the game – a concept games like Jeopardy and NFL football have long been designed around. *See* Supercell's Motion ("Mot."). The '177 and '362 patents simply apply this common, abstract concept to video "battle games." The Federal Circuit has repeatedly found such game management concepts abstract. Further, the patents claim no specific, inventive technological solution to transform the abstract idea into patent-eligible subject matter. Accordingly, each claim of the '177 and '362 patent is ineligible under 35 U.S.C. § 101, and Supercell respectfully requests that the Court grant its Motion to Dismiss.

   A.  **The '177 and '362 Patent Claims Are Directed to the Abstract Idea of Organizing a Game with Different Rules for Different Phases of the Game**

Although GREE complains in its Opposition brief (Dkt. 34 "Opp.") that Supercell "describes the claims at a high level of abstraction," (*id*. at 6), GREE's own characterization of the nature of the claims is remarkably similar. *Compare* Supercell's Mot. at 1 ("GREE's '177 and '362 patents are directed to the abstract idea of organizing a game with different rules for different phases of the game") *with* GREE's Opp. at 9 ("Put another way, the claims require a virtual battle under which certain rules can be changed and battle conditions vary based on the time slot of the battle game."). The main difference between the parties' characterizations is that GREE uses "virtual battle game" instead of Supercell's "game." That is a distinction without a difference. Virtual battle games, like other games, were well-understood and conventional at the time of the invention. *See, e.g.*, '177 patent at Background (1:44-62). Organizing a game with different rules for different phases of the game "accurately captures the 'basic thrust' of the Asserted Claims" as required under *Alice* step one. *Synopsis, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1150 (Fed.

1

Cir. 2016); *see also Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016) (*Alice's* first-stage inquiry [looks] at the 'focus' of the claims, [and] their 'character as a whole'") (internal citations omitted).

GREE's assertion that Supercell "ignores nearly every claim element" (opp. at 6) is not only incorrect, but most of the elements GREE identifies fall squarely within the concept of organizing a game with different rules for different phases of the game. These include, for example, "battle game," "second battle condition," "automatically initiating a second term of the battle game . . .," "conducting a battle against a second-term opponent character appearing in the second term using a second term parameter . . . .," and "a predefined end timing based on a start timing of the battle game." Opp. at 8. Other elements fall outside even GREE's own characterization of the patents' concept, including "a stack of virtual cards," "rendition processing module," "a game screen," and "battle processing unit." *Id.* at 8-9. Thus, "where as here, the bulk of the claim[s] provide[] an abstract idea, and the remaining limitations provide only necessary antecedent and subsequent components, the claim's character as a whole is directed to that abstract idea." *Ericsson Inc. v. TCL Commc'ns Tech.*, Case 18-2003, 2020 WL 1856498, at *7 (Fed. Cir. Apr. 14, 2020).

B. The '177 and '362 Patent Claims Recite No Improvement in the Capabilities of Computing Devices

Under the first step of the *Alice* framework, the Court should inquire whether the challenged claims "are directed to a specific improvement in the capabilities of computing devices, or, instead, 'a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool.'" *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1362 (Fed. Cir. 2018) (quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016). The '177 and '362 patents provide no improvement over computer functionality, and the Court should reject

GREE's argument that the patents "improve the utility of computerized games that cannot be played outside of the claimed computer and mobile components on which the game runs." Opp. at 6-7. Battle games have long been played outside computers including card games like War and board games like Risk and Battleship. *See also* Opp. 4 (recognizing that "conventional card-based computer battle videogames" existed before the patents). Implementing different rules for different phases of the game can be applied to *both* physical games and "virtual battle games." This concept is commonly used in other physical games such as Jeopardy! and NFL football. GREE's argument that "[h]uman beings cannot replicate the *real-time* and *constantly changing conditions* described in the Suzuki Patents—whether with pen-and-paper, a deck of cards, mentally, or otherwise" is beside the point (and also incorrect). Opp. at 13 (emphasis added). That is not what the claims recite; instead, they simply divide the game into two or three predefined temporal terms and conduct the game for each term based on parameters displayed on the cards for that period. *See* Mot. at 13 (reviewing the claim language of the patents' representative claims); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766 (Fed. Cir. 2019) ("while the specification may help illuminate the true focus of a claim, when analyzing patent eligibility, reliance on the specification must always yield to the claim language in identifying that focus").

Increasing the utility of a *game* does not constitute improving *computer functionality*, especially here, where the specification discloses that conventional computers already ran computerized battle games. *See, e.g.*, '177 patent at Background (1:20-62) (describing existing battle games "provided to client devices by a server device over a communications network"). While GREE attempts to emphasize that the games here can only be played in the context of a computer, that notion—even if it were true—is of no relevance. A game is a game, regardless of the medium on which it is played, and here, the claims merely cover organizing a game with

3

different rules for different phases. The Federal Circuit has repeatedly held that such claims applying rules for organizing a game are patent-ineligible. See *In re Marco Guldenaar Holding B.V.*, 911 F.3d 1157 (Fed. Cir. 2018); *In re Smith*, 815 F.3d 816 (Fed. Cir. 2016); *Planet Bingo, LLC v. VKGS LLC*, 576 F. App'x 1005, 1008 (Fed. Cir. 2014). Indeed, in *Planet Bingo*, the patent owner argued that it would be "impossible" for the computerized bingo game "to be carried out manually," and the Federal Circuit nonetheless found the claims to be directed to an abstract idea. *Planet Bingo*, 576 F. App'x at 1008. No case law supports GREE's argument that increasing utility of a game, even one that can only be played on a computer, is equivalent to improving computer functionality, and indeed GREE cites to none.

GREE's patentability argument boils down to "anything that cannot be done outside a computer" is exempt from Section 101 scrutiny – including "virtual battle games." It points to the *GREE, Inc. v. Supercell OY*, Civ. No. 2:19-cv-00161, Dkt. 58, at 4 (E.D. Tex. Dec. 18, 2019) where the Court distinguished *Planet Bingo* with the patents in that case, finding that, "the invention solely exists in the virtual realm and thus, a computer is needed for all functions, not just the basic ones [as in *Planet Bingo*]." Opp. at 11. However, the Federal Circuit has held many patents invalid under § 101 that exist solely in the "virtual realm." *See, e.g., In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016) (holding patent ineligible where the claims were directed to a computer-implemented invention of classifying and storing digital photos); *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343 (Fed. Cir. 2015) (holding patent ineligible where the claims were directed to retaining virtual application information in web browsers); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, (Fed. Cir. 2018) (holding patent ineligible where the claims were directed to the presentation of two sets of information in a computer display). Indeed, limiting the invention to a "technological environment for which to

4

apply the underlying abstract concept" does not make an abstract concept any less abstract. *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017).

Moreover, not only did the Federal Circuit affirm the district court's holding in *Planet Bingo* that the computer-implemented claims for "managing a game of Bingo" were patent ineligible, but more recently, the Patent Trial and Appeal Board has issued several final written decisions in post-grant reviews invalidating GREE's video game patents under § 101. *See, e.g.,* Declaration of Jeffrey Ware, Ex. A, *Supercell Oy v. Gree, Inc.*, PGR2018-00008 (Paper 42) (PTAB Jan. 2, 2019) (holding unpatentable claims directed to creating and applying a template of positions of one or more video game contents); Ex. B, *Supercell Oy v. Gree, Inc.*, PGR2018-00036 (Paper 31) (PTAB Sept. 3, 2019) (holding unpatentable claims directed to providing a reward to a video game player from a player group reward box if a reward condition is met); Ex. C, *Supercell Oy v. Gree, Inc.*, PGR2018-00055 (Paper 36) (PTAB Sept. 23, 2019) (holding unpatentable claims directed to following rules for a video battle game); Ex. D, *Supercell Oy v. Gree, Inc.*, PGR2018-00060 (Paper 32) (PTAB Sept. 26, 2019) (holding unpatentable claims directed to sending notifications about an item in a video game). GREE provides no legal support for its categorical position that claimed purported improvements to video games automatically satisfy Section 101.

The cases GREE cites in support of its position are distinguishable because the patents in those cases implemented actual *technical* solutions (instead of abstract, conventional concepts) to improve computer technology. For example, in *Enfish*, the Federal Circuit held claims reciting a self-referential table for a computer database were patent eligible because the claims were directed to an improvement in the computer's functionality. 822 F.3d at 1334. In *Ancora Techs., Inc. v. HTC America, Inc.*, 908 F. 3d 1343, 1348-49 (Fed. Cir. 2018), the Federal Circuit held that claims directed to license-authorization "effectuated in an assertedly unexpected way . . . by relying on

5

specific and unique characteristics of certain aspects of the BIOS that the patent asserts" was not directed to an abstract idea. In *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014), the Federal Circuit held that claims directed to the generation of a hybrid web page that presents product information from the third-party and visual "look and feel" elements from the host website and sending the user to that web page rather than the third party site were patentable because they did not recite commonplace methods or known processes in that business area. And in *Core Wireless Licensing*, the Federal Circuit held that claims directed to a particular manner of summarizing and presenting information in election devices through a summary window while the device applications exist in a particular state. 880 F.3d at 1362-63. In none of these cases, like here, did the patent claim a commonly used real world feature or technique (i.e., a conventional way of organizing a game) and implement it into a computer-implemented environment (i.e., in a video game).

GREE's reliance on the prosecution history also does not change the abstract nature of the claims, as any finding by a patent examiner is entitled to no deference. See *Novo Nordisk A/S v. Caraco Pharm. Labs.*, Ltd., 719 F.3d 1346, 1357 (Fed. Cir. 2013) (rejecting plaintiff's argument that the court should have deferred to the examiner's findings regarding non-obviousness, holding that "[t]he initial determinations by the PTO in determining to grant [an] application are entitled to no deference."); see also *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 901 (Fed. Cir. 2019) ("The mere allowance of claims during prosecution does not preclude dismissal for patent ineligibility."). Accordingly, the Court should find that the asserted claims are directed to an abstract concept under step one of *Alice*.

### C.  The Claims Recite No Inventive Concept

Under step two of *Alice*, an "ordered combination" of elements cannot create an inventive concept unless it "introduce[s] a technical advance or improvement" such that it "amounts to

significantly more than a patent upon the [abstract idea] itself." *Synopsys*, 839 F.3d at 1152; *see also Chamberlain Group, Inc. v. Techtronic Indus.*, 935 F.3d 1341, 1349 (Fed. Cir. 2019) (holding that plaintiff must point to an inventive concept in the ordered combination beyond the abstract idea). Such is not the case here.

As explained in Supercell's motion (*see* Dkt. 29 at 15-17), the '177 and '362 patents do not disclose any *technical* improvement, let alone one carried out with the "specificity required to transform a claim from one claiming only a result to one claiming a way of achieving it." *SAP America, Inc. v. Investpic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018). Instead, they recite generic computer technology. *See* Mot. at 15-16 (reviewing computer-related limitations in the claims as disclosed in the specification).

GREE argues that "Supercell never attempts to address the full-ordered combinations of the claims." Opp. at 18-19. But the full-ordered combination of the claims consists of nothing but the abstract concept of organizing a game with different rules for different phases of the game. GREE's description of the "ordered combination" confirms this: "divid[ing] the battle into a plurality of time slots" and "set[ting] a battle condition of at least one of the time slots . . . to differ from a battle condition of a second time slot . . . ." *Id*. at 16-17; *see Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 225-26 (2014) (holding that the asserted patents failed to satisfy step two because "the claims at issue amount to 'nothing significantly more' than an instruction to apply the abstract idea"). GREE's later identification of "using a stack of virtual cards on a game screen" as "something more" also fails to satisfy *Alice* step two. Opp. at 18. GREE concedes that card-based battle games were "conventional" (opp. at 15), and stacks of virtual cards on game screens were well-known and conventional since at least 1990 when Microsoft included Solitaire with Windows. Combining well-known technology – "virtual cards" – with conventional game

concepts – organizing a game with different rules for different phases of the game – is not the "something more" necessary to establish an inventive step.

Further, GREE incorrectly asserts that reciting use of "deck of virtual cards" is "analogous to the 'game using a new or original deck of cards' contemplated by the Federal Circuit in *Smith*." (Opp. at 19). The claims simply recite a *generic* "stack of virtual cards" without identifying anything new or original about them. *See* '177 patent, claim 1; '362 patent, claim 1. Indeed, the Court should follow *Smith's* core holding, which applies here. Game rules are abstract concepts generally "foreclosed from patent protection" absent a showing of something new in addition (i.e., "a new or original deck of cards"). *Smith,* 815 F.3d at 819. The '177 and '362 patent claims do not disclose any "new or original" elements that would establish an inventive concept. The claims simply apply a commonly used conventional game rule concept and apply it to online battle games.

## II. THE ADDITIONAL ELEMENTS RECITED IN THE DEPENDANT CLAIMS FAIL TO PROVIDE AN INVENTIVE CONCEPT

In the motion, Supercell explains claim-by-claim and added element-by-element why the additional limitations recited by dependent claims fail to transform those claims into patentable subject matter. *See* Mot. at 19-21. GREE fails to respond to this analysis, and instead merely recites the limitations without explaining how they transform the abstract ideas from the claims they depend into patentable subject matter. Opp. at 21-23. Moreover, the limitation "wherein the first field and the second field are included in a game screen" in '177 patent claims 7 and 13 does not "recite specific interface functionality" that otherwise make those claims patent eligible, as GREE contends. Opp. at 22. The Federal Circuit has held that the "basic concept of displaying two sets of information, using any means to display them without overlap" is abstract and fails to contribute an inventive concept. *Interval Licensing LLC,* 896 F.3d at 1347. These limitations are no different.

8

## III. CLAIM CONSTRUCTION IS UNNECESSARY TO RESOLVE INELIGIBILITY

GREE merely repeats the same arguments it made in the parties' Joint Letter regarding claim construction. Opp. at 23-24; Dkt. No. 30-1. Again, GREE does not propose any construction or provide intrinsic support. *See* Judge Rodney Gilstrap's Standing Order Regarding Motions Under 35 U.S.C. § 101 (requiring that the parties set forth their respective specific positions regarding whether claim construction is necessary, "including, in particular, any claim terms that the respondent believes need to be construed, why such is needed, and what intrinsic references support such position."). And most importantly, GREE fails to show how any construction would render the claims eligible. As a court in this district explained, "[s]imply identifying terms that require construction, but not proposing a plausible construction or explaining why construction would render the claim patent eligible, is not a proper response." *Autumn Cloud LLC v. TripAdvisor, Inc.*, No. 2:16-CV-853-JRG-RSP, 2017 WL 1856232, at *2 (E.D. Tex. Apr. 3, 2017), report and recommendation adopted, No. 2:16-CV-853-JRG-RSP, 2017 WL 1838145 (E.D. Tex. May 6, 2017); see also *Network Architecture Innovations, LLC v. CC Network Inc.*, No. 2:16-cv-00914-JRG, 2017 WL 1398276, at *4 (E.D. Tex. Apr. 18, 2017) (Gilstrap, J.) (claim construction not necessary where patentee "failed to explain how claim construction might alter the § 101 analysis"). Indeed, as explained above, even accepting GREE's arguments, the claims are still patent-ineligible. Supercell also incorporates its arguments from the Joint Letter herein.

Accordingly, GREE's attempt to delay a Rule 12(b)(6) dismissal finds no support in any purported claim construction dispute.

## IV. THERE IS NO FACTUAL DISPUTE, AND AMENDMENT WOULD BE FUTILE

GREE's conclusory statements in the Amended Complaint fail to create a factual dispute. GREE provides no factual basis for its boilerplate legal conclusions and unsupported characterizations of the purported inventions as, for example, "not routine, well understood, or

9

conventional," or "rooted in computer technology." *See* Opp. at 15-19; Dkt. No. 25 at ¶ 13-20. Such unsupported assertions cannot preclude dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Glasswall Solutions v. Clearswift Ltd.*, No. 2018-1407, 754 F. App'x 996, 999 (Fed. Cir. 2018) (court need not accept "conclusory legal assertions" in pleadings as true in eligibility analysis); *S. Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Moreover, the Court should deny GREE's request for leave to amend. "Leave to amend is not appropriate when amendment would be futile." *Rutledge v. United States*, 161 F.3d 7 (5th Cir. 1998). The only possible amendments that can be gleaned from GREE's Opposition are file history excerpts. *See* Opp. at 14-15. But as discussed above, even if the Court were to permit GREE to engraft such excerpts into an amended complaint, nothing would change: The claims would remain invalid. *See supra*, at 6. Nor does GREE identify anything else that it could add to the complaint that would rescue the claims. *See* Opp. at 25. Unlike the patent owner in the *Aatrix* case, GREE has provided no proposed amendments that "allege[] facts directed to the inventive concepts," or otherwise shown that amendment "would not be futile." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1127 (Fed. Cir. 2018). And unlike certain of the claims in *Berkheimer*, the specification here does not purport to disclose any improvements in computer functionality. *Berkheimer v. HP Inc.,* 881 F.3d 1360, 1369-1370 (Fed. Cir. 2018). At best, the specification describes a non-technical problem, which the patent purports to address with a non-technical, unspecific, and functionally-defined solution. The complete lack of intrinsic evidence for any arguably inventive concept only confirms that the claims are ineligible, which renders any potential amendment futile.

Dated: April 15, 2020  Respectfully submitted,

    */s/ Jeffrey A. Ware*
Jeffrey A. Ware (Admitted E.D. Texas)
Jessica M. Kaempf (Admitted E.D. Texas)
FENWICK & WEST LLP
1191 Second Ave., 10th Floor
Seattle, Washington 98101
Telephone:   206.389.4510
Facsimile:    206.389.4511
Email:          jware@fenwick.com
              jkaempf@fenwick.com

Michael J. Sacksteder (Admitted E.D. Texas)
Bryan A. Kohm (Admitted E.D. Texas)
Christopher L. Larson (Admitted E.D. Texas)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:   415.875.2300
Facsimile:    415.281.1350
Email:          msacksteder@fenwick.com
              bkohm@fenwick.com
              clarson@fenwick.com

Geoffrey R. Miller
(Texas State Bar No. 24094847)
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010
Telephone:   212.430.2600
Email:          gmiller@fenwick.com

Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

*Attorneys for Defendant
Supercell Oy*

11

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail.


    /s/ Jeffrey A. Ware
Jeffrey A. Ware